Gibson J.,
delivered the opinion of the Court.
In the first count of the indictment, there is not any estate or interest laid in Robert Woodcock, and nothing but a naked possession, which is insufficient to authorise an award of restitution. Our act of assembly, notwithstanding it directs that persons guilty of forcible entry, shall “ make such satisfaction to the party grieved, as the circumstances of the fact will bear,” has never been construed to be more extensively remedial than the St at. 5. Rich. II. c.. 7, of which it has, with us, been held to supply the place. The statutes against this ■ offence were originally wise and salutary provisions which were no doubt, rendered absolutely necessary by the temper of the times: but at present they are. seldom resorted to, except to redress an injury altogether civil in its nature, and with which the public peace is, in no way, concerned. This has gradually given rise to a milder construction, and the Courts, at present, are far from encouraging prosecutors in. having recourse to this mode of proceeding, except where there has been an invasion of a quiet, peaceable, and undisturbed possession held by virtue of such an estate or interest as is plainly within the protection of these statutes.
In the second count Joseph Woodcock, son of Robert Woodcock, is stated to' have been in possession, and the entry is laid as having been made “ into the dwelling house and the possession of the said Joseph Woodcockbut it is after- *254 wards stated, that the defendants expelled “ the said Joseph Woodcock from the possession of the said house, arid did violently and forcibly disseise the said Robert Woodcock of the sameand the detainer is laid against Joseph Woodcock only. There is therefore, no estate laid in Joseph Woodcock, and only an implied freehold in Robert his father, who, it is said, could not have been disseised, without having been seised of an estate of freehold ; and this is admitted. But it is an indisputable rule, that in an indictment, nothing shall be taken by intendment or implication; and although this rule is not to be strained to its utmost extent, and it is difficult, in nice cases, to find any certain test of the propriety of its application, there is, here, no difficulty on that ground ; for the very case, except that it is not near so strong, is put as an example in 2 Hawkins, b. 2. ch. 25. sect. 6, where it is said, that if an indictment of forcible entry finds that A disseised B of such land, existens liberum tenementum of B, it seems agreed that the indictment is insufficient; because it stands indifferent, according to the common rules of construction, whether the land were the freehold of B, at the time of the disseisin, or the time of finding the indictment, the word, existens, referring equally to both. But all this would be immaterial if the implication of seisin arising from the direct allegation of the disseisin itself, were sufficient. Were it not, therefore, for thé alleged possession of Joseph Woodcock, this count would be so faulty, that no judgment of any kind could be given on it, but as it is, sentence might have been well passed for the fine and costs. It might at first seem, that a positive allegation of such facts as constitute the offence charged, is necessáry only to apprise the defendant of the distinct nature of the charge, and not to entitle the prosecutor to his private remedy, and that therefore implications might, for the latter purpose be admitted. I see no difference, however, between that part of the sentence which punishes the public offender, and that which redresses the private injury, for both constitute one whole; and those facts that entitle the prosecutor to his private remedy, are precisely those which constitute the public wrong : they must therefore be stated with legal precision for every purpose. It is error then to award restitution to any but him against whom the offence was committed; and as Robert Woodcock has not been *255 found by the jury to have such an estate in the house as could render him the subject of such an injury as would entitle him to this kind of redress, it follows, that the j udgment must be reversed. /
J udgment reversed.